IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMSIDDEEN HATCHER, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 17-1046-JDT-egb |
| FNU WASHINGTON, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER MODIFYING REPORT AND RECOMMENDATION,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On March 14, 2017, Plaintiff Shamsiddeen Hatcher, a resident of Bristol, Virginia, filed a *pro se* civil complaint titled "Tort Claim". (ECF No. 1.) After Plaintiff filed the required application (ECF No. 6), U.S. Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* (ECF No. 7). On January 3, 2018, Magistrate Judge Bryant issued a Report and Recommendation (R&R) in which he recommended the Court dismiss the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 11.) Objections to the R&R were due within fourteen days, on or before January 22, 2018. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections. For the reasons that follow, the Court agrees with the Magistrate Judge that the complaint in its present form must be dismissed but finds that Plaintiff should be allowed to file an amended complaint.

Plaintiff's complaint concerns events that occurred while he was previously incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee.[1] He sues WCF Corrections Officer First Name Unknown (FNU) Washington and Tammy Ford, the Warden of the WCF. Plaintiff alleges that on October 18, 2016, he told Defendant Washington that he was in danger of assault by another inmate and needed to be moved immediately. (ECF No. 1 at 1.) Washington did not move Plaintiff and instead told him to file a request for a cell change. (*Id.* at 1-2.) Plaintiff alleges that four inmates then "lured" him into his cell, where he was assaulted and sexually assaulted. (*Id.* at 2.) He states that he sustained significant physical and mental injuries including scratches, permanent bruising, and pain and suffering lasting for several weeks. (*Id.*) He also alleges that the attack exacerbated his ongoing post-traumatic stress disorder. (*Id.*) Plaintiff contends the incident and his resulting injuries were the result of the Defendants' negligence, including Warden Ford's failure to properly train Washington. (*Id.*)

The Magistrate Judge construed Plaintiff's complaint as filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and recommended dismissal because Plaintiff did not exhaust his administrative remedies or name the United States as a defendant. However, there is nothing in the complaint that indicates Plaintiff intended to file under the FTCA. The FTCA governs tort claims involving "the negligent or wrongful

---

[1] The complaint itself does not identify the facility at which the events complained of occurred. However, the attached exhibits show the incident happened at the WCF. (*See* ECF No. 1-1.)

act or omission of any employee of the Government," § 1346(b)(1); that is, claims involving the actions or omissions of employees of the United States. *See* § 2671 (defining "employee of the government"). The WCF is not a United States prison facility and its employees are not employees of the United States. The WCF is a privately-managed prison facility that has contracted with the State of Tennessee to house inmates in the custody of the Tennessee Department of Correction. Therefore, the FTCA is not applicable in this case.

The Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") A federal court may address its subject-matter jurisdiction *sua sponte*. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. 694. 702 (1982) ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"). Furthermore, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff's complaint does not state any basis for federal subject-matter jurisdiction over this matter. There is no allegation that the action arises "under the Constitution, laws,

or treaties of the United States," as required for federal question jurisdiction under 28 U.S.C. § 1331. The complaint also does not allege there is complete diversity of citizenship, as required for jurisdiction under 28 U.S.C. § 1332(a). Therefore, the complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. However, leave to amend is GRANTED.

Any amended complaint shall be filed within thirty (30) days after the date of this order and shall allege a basis for this Court's subject-matter jurisdiction. The text of the amended complaint must identify each defendant sued, set forth the specific causes of action that are asserted against each defendant, and allege sufficient facts to support each of those claims. If Plaintiff fails to file an amended complaint within the time specified, the Court will enter judgment against him based on the dismissal of the original complaint.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE